IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GLENN WIENKOOP** : | |
| : | **Case No. 1:16-cv-850** |
| **Plaintiff,** : | |
| v. : | |
| : | |
| **CAPELLA UNIVERSITY** : | |
| : | |
| **Defendant.** : | |
| : | |

[PROPOSED] ORDER

And now, this _____ day of _____, 2016, upon consideration of Defendant's Motion to Dismiss dated October 7, 2016, it is hereby ORDERED that Defendant's Motion is GRANTED.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **GLENN WIENKOOP** : | |
| : | Case No. 1:16-cv-850 |
| **Plaintiff,** : | |
| v. : | |
| : | |
| **CAPELLA UNIVERSITY** : | |
| : | |
| **Defendant.** : | |
| : | |

## DEFENDANT CAPELLA UNIVERSITY'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendant Capella University, by and through its undersigned counsel, hereby moves the Court to Dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The reasons supporting this Motion are fully set forth in the accompanying Memorandum of Law, which is incorporated herein as though fully set forth.

WHEREFORE, Defendant respectfully requests that the Court GRANT its motion and Dismiss the Complaint.

Dated: October 7, 2016

Respectfully submitted,

*/s/ John C. Hansberry*

John C. Hansberry (0065673)
PEPPER HAMILTON LLP, Suite 5000
500 Grant Street
Pittsburgh, PA 15219-2507
Phone: 412.454.5000
hansberj@pepperlaw.com

Michael E. Baughman, Esquire (PA 78690)
(*admitted pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Philadelphia, PA 19103-2799
Phone: 215.981.4964
baughmam@pepperlaw.com

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **GLENN WIENKOOP** : | |
| : | Case No. 1:16-cv-850 |
| **Plaintiff,** : | |
| v. : | |
| : | |
| **CAPELLA UNIVERSITY** : | |
| : | |
| **Defendant.** : | |
| : | |

## DEFENDANT CAPELLA UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. FACTS AS ALLEGED IN THE COMPLAINT ................................................................ 1

III. LEGAL STANDARD .......................................................................................................... 3

IV. ARGUMENT ........................................................................................................................ 4

    A. Plaintiff Fails to Plead a Breach of Contract Claim Under Ohio Law .................... 4

    B. Plaintiff Fails to Plead a Discrimination Claim. ....................................................... 6

        1. Plaintiff Fails to State a Claim Under State Law by Failing to Allege Capella University is an "Educational Institution" as Defined By Chapter 4112. ........................................................................... 6

        2. Even if Section 4112.022 Applied, Which it Does Not, Plaintiff Fails to State a Claim for Failure to Accommodate .................................. 7

        3. Even if Section 4112.022 Applied, Which it Does Not, Plaintiff Fails to State a Claim for Discrimination on Any Other Basis ................. 10

V. CONCLUSION .................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502 (6th Cir. 2013)...................10

*American Sales v. Boffo*, 71 Ohio App. 3d 168 (Ohio Ct. App. Feb. 22, 1991) ..............................4

*Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015) ........................................................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................3, 4, 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................................3, 4, 10

*Bernard v. Federal Nat'l Mortg. Ass'n*, 587 F. App'x 266 (6th Cir. 2014) ...................................3

*Carney v. Univ. of Akron*, No. 5:15cv2309,
   2016 U.S. Dist. LEXIS 98712 (N.D. Ohio July 28, 2016) ......................................................7, 9

*Coleman v. Dretke*, 409 F.3d 665 (5th Cir. 2005) ...........................................................................1

*Coma Ins. Agency v. Safeco Ins. Co.*, 526 F. App'x. 465 (6th Cir. Ohio 2013) ..............................4

*Cook v. Home Depot U.S.A., Inc.*, No. 2:06-cv-00571,
   2007 U.S. Dist. LEXIS 15679 (S.D. Ohio Mar. 6, 2007) ..........................................................4

*Denius v. Dunlap*, 330 F.3d 919 (7th Cir. 2003) .............................................................................1

*Dillery v. City of Sandusky*, 398 F.3d 562 (6th Cir. 2005) ............................................................11

*EEOC v. Convergys Customer Management Gp.,* 491 F.3d 790 (8th Cir. 2007) ............................7

*Equal Justice Found. v. Deutsche Bank Trust Co. Ams.*,
   412 F. Supp. 2d 790 (S.D. Ohio 2005) .....................................................................................10

*Firelands Reg'l Med. Ctr. v. Jeavons*, No. E-07-068,
   2008 Ohio App. LEXIS 4234 (Ohio Ct. App. Sept. 30, 2008) ...................................................5

*Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475 (N.D. Ohio 2007) .......................................5, 7, 11

*Freadman v. Metro. Prop. & Cas. Ins. Co.*, 484 F.3d 91 (1st Cir. 2007).......................................8

*Galati v. Manley Deas Kochalski, LLC*, 622 F. App'x 473 (6th Cir. 2015)....................................3

*Gamble v. Sitel Operating Corp.*, No. 15-2789-SHL-dkv,
   2015 U.S. Dist. LEXIS 177649 (W.D. Tenn. Dec. 17, 2015) ...................................................9

*Hall v. Virginia*, 385 F.3d 421 (4th Cir. 2004) ................................................................................1

*Han v. Univ. of Dayton*, 541 F. App'x, 622 (6th Cir. 2013)......................................................3, 10

*Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195 (6th Cir. Ohio 2010) .............................................7

*Judge v. Landscape Forms, Inc.*, 592 F. App'x 403 (6th Cir. 2014).................................................9

*Kaltenberger v. Ohio Coll. of Podiatric Medicine*, 162 F.3d 432 (6th Cir. 1998) ..................7, 8, 9

*Lakota Local Sch. Dist. Bd. of Educ. v. Brickner*, 671 N.E.2d 578
  (Ohio Ct. App. Jan. 19, 1996)......................................................................................................5

*Lee v. Nat'l Ass'n of Letter Carriers*, No. 3:08cv344,
  2009 U.S. Dist. LEXIS 125395 (S.D. Ohio June 22, 2009) ........................................................4

*Long v. Insight Comm'n of Cent. Ohio, LLC*, 804 F.3d 791 (6th Cir. 2015)....................................9

*McCoy v. Texas Dep't of Criminal Justice*, No. C-05-370,
  2006 U.S. Dist. LEXIS 55403 (S.D. Tex. Aug. 9, 2006).............................................................8

*Melange v. City of Ctr. Line*, 482 F. App'x 81 (6th Cir. 2012) ........................................................9

*Mershon v. St. Louis Univ.*, 442 F.3d 1069 (8th Cir. 2006).............................................................7

*Ohio Civil Rights Comm'n v. Case Western*, 666 N.E.2d 1376 (1996)..........................................11

*Reed v. LePage Bakeries, Inc.*, 244 F.3d 254 (1st Cir. 2001).........................................................8

*Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214 (1985)..............................................................8

*Ryan v. Romo*, No. 2:14-CV-38,
  2015 U.S. Dist. LEXIS 32818 (S.D. Ohio Mar. 17, 2015).........................................................4

*Southern Community College v. Davis*, 442 U.S. 397 (1979) .........................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)..................................................1

*Trepka v. Bd. of Educ.*, 28 F. App'x 455 (6th Cir. 2002) .................................................................8

*U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) ..................................................................... 7-8

*United States v. Chapel*, 41 F.3d 1338 (9th Cir. 1994)....................................................................1

**STATUTES**

OHIO REV. CODE § 4112.................................................................................................6, 7, 8, 10

I.  **INTRODUCTION**

Plaintiff, a former learner at Capella University ("Capella" or "the University"), was academically dismissed from the University. Plaintiff brings this suit alleging breach of contract and statutory disability discrimination.

Capella University respectfully submits that the Complaint fails to state a claim upon which relief can be granted, because Plaintiff fails to allege sufficient facts to allow for a reasonable inference of liability under either theory. With regard to his breach of contract claim, Plaintiff fails to allege facts establishing the existence and terms of the allegedly breached contract, opting to instead declare in conclusory fashion that the University failed to comply with unspecified "disability policies." With regard to his disability claim under Chapter 4112 of the Ohio Revised Code, Plaintiff fails to allege that Capella University falls within the definition of covered institutions under the statute, and further fails to allege facts to plausibly support a claim for failure to accommodate or for disparate treatment. Accordingly, the Complaint fails to comply with federal pleading requirements, fails to inform the defendant as to the nature of the claims, and should be dismissed.

II. **FACTS AS ALLEGED IN THE COMPLAINT[1]**

Capella University is an institution of higher education, accredited by the Higher Learning Commission since 1997.[2] Based in Minneapolis, Capella University provides

---

[1] Defendant Capella University disputes the facts as alleged in the Complaint, but assumes their veracity for purposes of this motion only.

[2] http://ope.ed.gov/accreditation/InstAccrDetails.aspx?756e697469643d31363039353392663616d70757349643d30267264743d31302f372f3230313620313a31383a343220504d. On a Rule 12(b)(6) motion, courts "must consider . . . matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal courts routinely take judicial notice of information found on government websites, as information on government websites can be readily determined and its authenticity and accuracy cannot reasonably be questioned. *See e.g. Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003); *United States v. Chapel,* 41 F.3d 1338, 1342 (9th Cir. 1994).

advanced online postgraduate degree programs, including doctoral programs. Compl. at ¶ 4. In 2013, Plaintiff enrolled in Capella University's Doctor of Business Administration ("DBA") degree program. *Id.* at ¶¶ 5, 10. During the course of his studies, Plaintiff was diagnosed with Progressive Supranuclear Palsy (PSP), a form of Parkinson's disease. *Id.* at ¶ 9. Plaintiff alleges that his disability "was clear to the faculty" because of his physical appearance at in-person meetings, and because of unspecified emails and correspondence stating that he had PSP. *Id.* at ¶ 13.

Plaintiff declares that, "since incurring his illness, he has been treated distantly, as a 'special case' and worse than the other students," but provides no factual allegations specifying the manner in which the University allegedly treated him differently than other students. *Id.* at ¶ 14. Nor does he allege facts setting forth the more preferable manner in which other learners were treated, or facts plausibly suggesting that any such alleged treatment was because of his disability.

Plaintiff also alleges he "was not offered his reasonable, requested accommodation." *Id.* at ¶ 16. Plaintiff does not allege what "reasonable accommodation" he requested, nor does he allege that he actually requested an accommodation, apart from characterizing the unspecified "reasonable accommodation" as "requested." *See id.* Again, while Plaintiff further alleges that "[t]he school has consistently refused to accede to Plaintiff Wienkoop's reasonable requests for accommodation," Compl. at ¶ 20, he does not allege what request he made, nor does he explain what "reasonable requests" the University failed to "accede to."

Plaintiff alleges that on July 9, 2016, Capella University sent him an email dismissing him from the University for failing "to timely notify a member of the dissertation

committee." *Id*. at ¶ 15. He alleges his "academic dismissal" was due to "an unreasonable policy change that discriminated against disabled individuals," but does not identify the nature of the policy change, and does not plead any facts in support of the conclusion that the policy change "discriminated against disabled individuals." Plaintiff further alleges "[t]he reason for dismissing him as a student did not make sense." *Id*. at ¶¶ 16-17. Plaintiff subsequently appealed his dismissal within the University, and his appeal was not granted. *Id*. at ¶ 19.

### III.  LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim achieves plausibility only where it contains sufficient factual content to raise the plaintiff's right to relief "above a speculative level" by giving the court reasonable grounds to infer a right to relief. *Galati v. Manley Deas Kochalski, LLC*, 622 F. App'x 473, 475 (6th Cir. 2015); *Twombly*, 550 U.S. at 555-56. A complaint alleging facts which establish a "sheer possibility" of unlawful conduct or conduct "merely consistent with a defendant's liability" fall short of the pleading standard, because such allegations fail to nudge the plaintiff's claims across the line from conceivable to plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bernard v. Federal Nat'l Mortg. Ass'n*, 587 F. App'x 266, 269 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Similarly, the court is "not required to accept inferences drawn by Plaintiff if those inferences are unsupported by the facts alleged in the complaint." *Han v. Univ. of Dayton*, 541 F. App'x, 622, 627 (6th Cir. 2013).

IV.	ARGUMENT

    A.	**Plaintiff Fails to Plead a Breach of Contract Claim Under Ohio Law.**

Under Ohio Law, "[a] breach of contract action is pleaded by stating, (1) the terms of the contract, (2) performance by the plaintiff of his obligations, (3) breach by the defendant, (4) damages, and (5) consideration." *Coma Ins. Agency v. Safeco Ins. Co.*, 526 F. App'x. 465, 467-468 (6th Cir. Ohio 2013) (citing *American Sales v. Boffo*, 71 Ohio App. 3d 168, 175 (Ohio Ct. App., Feb. 22, 1991)). *Iqbal* and *Twombly* require, at a minimum, that a plaintiff "identify the specific contract language whereby the [defendant] purportedly assumed a legally-enforceable obligation to Plaintiff." *Lee v. Nat'l Ass'n of Letter Carriers*, No. 3:08cv344, 2009 U.S. Dist. LEXIS 125395, at *19 (S.D. Ohio June 22, 2009); *see also Cook v. Home Depot U.S.A., Inc.*, No. 2:06-cv-00571, 2007 U.S. Dist. LEXIS 15679, at *9 (S.D. Ohio Mar. 6, 2007) ("Presuming all of the facts in the Amended Complaint to be true, Plaintiff fails to point to a specific contractual provision that [defendant] failed to perform."); *Ryan v. Romo*, No. 2:14-CV-38, 2015 U.S. Dist. LEXIS 32818, at *16-17 (S.D. Ohio Mar. 17, 2015).

Plaintiff's Complaint fails to sufficiently plead a breach of contract claim. While Plaintiff says "Capella University's actions in failing to follow its disability policies are tantamount to breach of contract, or, in the alternative breach of the covenant of good faith and fair dealing," Compl. at ¶ 28, he fails to identify to what "disability policies" he is referring, what specific provisions within such policies Capella breached, or the manner in which Capella breached such duties. In other words, Plaintiff alleges the breach of what he characterizes as a contract, without identifying the nature and substance of the contract, and without identifying the manner in which it was allegedly breached. Instead of a well-pleaded contract complaint, Plaintiff alleges in wholly conclusory language that the University did not adhere to some unspecified standard. *See* Compl. at ¶¶ 28-29.

Such deficient pleading cannot withstand a Rule 12(b)(6) motion. Plaintiff cannot state a breach of contract claim based on alleged university policies without, at a minimum, identifying what policies were breached. *See*, *e.g.*, *Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475, 485 (N.D. Ohio 2007) (plaintiff's breach of contract claim grounded on the removal from a graduate program had no basis because Plaintiff did not cite to the Student Handbook or University Policy to support the claim, and instead merely concluded that he was removed without notice or a hearing). Conclusory allegations of the simple existence of a contract and a breach fail to present factual matter to raise a right for relief above a speculative level, and thus fail to satisfy the *Iqbal*/*Twombly* standard. Furthermore, even under the most basic of "notice pleading" requirements, the Complaint fails to adequately inform Capella of the basis of Plaintiff's claim. Therefore, this claim should be dismissed.

Plaintiff also alludes to an alternative claim of "breach of the covenant of good faith and fair dealing." Compl. at ¶ 28. That claim fails as well, since "under Ohio law, a breach-of-contract claim subsumes any claim for breach of the duty of good faith and fair dealing." *Lakota Local Sch. Dist. Bd. of Educ. v. Brickner*, 671 N.E.2d 578, 583-84 (Ohio Ct. App., Jan. 19, 1996); *see also Firelands Reg'l Med. Ctr. v. Jeavons*, No. E-07-068, 2008 Ohio App. LEXIS 4234, at *12 (Ohio Ct. App., Sept. 30, 2008) (finding that the claim for breach of the duty of good faith and fair dealing was unsuccessful because the appellant did not plead a prima facie breach of contract claim). As such, Plaintiff's claims for breach of contract, and breach of the duty of good faith and fair dealing, both should be dismissed for failure to state a claim.

**B.      Plaintiff Fails to Plead a Discrimination Claim.**

   1. <u>Plaintiff Fails to State a Claim Under State Law by Failing to Allege Capella University is an "Educational Institution" as Defined By Chapter 4112</u>.

Plaintiff alleges a violation of "Section 4112.12 of the Ohio Revised Code." Compl. at ¶¶ 21-26. Section 4112.12 creates the "commission on African-American males," and has no application in this lawsuit. Because Plaintiff fails to plead a cognizable legal claim for disability discrimination under Chapter 4112 of the Ohio Revised Code, his claim should be dismissed.

   Even assuming Plaintiff intended to allege a violation under Section 4112.022 of the Ohio Revised Code, he still fails to state a claim. Section 4112.022 sets forth prohibitions against discrimination on the basis of disability by select institutions. However, there is no indication or allegation that Capella University is a covered institution under Section 4112.022. The statute specifically limits its application to "educational institutions," which are defined as follows:

> As used in this section, "educational institution" means a state university or college, state-assisted institution of higher education, nonprofit educational institution described in Chapter 1713 of the Revised Code, or institution registered under Chapter 3332 of the Revised Code.

*Id.* The Complaint provides this Court no factual basis from which to infer that Capella University falls within any of those designated categories of institutions. Plaintiff has not, and cannot, allege that Capella University falls within the definition of "educational institution" under Section 4112.022. As a result, Section 4112.022 has no application to Capella University, and Plaintiff cannot state a claim against the University on that basis. Plaintiff's claim for discrimination under Chapter 4112 of the Ohio Revised Code should be dismissed for failure to state a claim.

> 2. Even if Section 4112.022 Applied, Which it Does Not, Plaintiff Fails to State a Claim for Failure to Accommodate.

Notwithstanding Plaintiff's failure to plead under an applicable statute, his claim for discrimination as pled still would fail under general standards governing such claims in comparable statutes. Plaintiff primarily alleges that Capella University "failed to accommodate his disabilities." Compl. at ¶ 24. At a minimum, claims for failure to accommodate require that a plaintiff allege he was a qualified individual with a disability who requested a reasonable accommodation, was denied any reasonable accommodation, and yet would have been eligible to continue his program if such accommodation had been in place. *See Kaltenberger v. Ohio Coll. of Podiatric Medicine*, 162 F.3d 432, 435-36 (6th Cir. 1998).

Institutions of higher learning are not required to offer an accommodation to a student unless and until the student has both established a documented disability and requested specific accommodations from the school. *Carney v. Univ. of Akron*, No. 5:15cv2309, 2016 U.S. Dist. LEXIS 98712, at *45 (N.D. Ohio July 28, 2016) (noting "[p]laintiff bears the burden of demonstrating that she requested an accommodation"); *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. Ohio 2010) (As a general matter, "[i]f a disabled person requires an accommodation, the employee is saddled with the burden of proposing and proving that it is reasonable."). As the Sixth Circuit has made clear, the "College [is] not obligated to provide accommodation until plaintiff . . . provided a proper diagnosis . . . and requested specific accommodations." *Kaltenberger*, 162 F.3d at 437; *see Frank*, 621 F. Supp. 2d at 487. The Sixth Circuit's approach is consistent with the approach taken by federal courts across the country. *See, e.g., EEOC v. Convergys Customer Management Gp.,* 491 F.3d 790, 795 (8th Cir. 2007); *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1077 (8th Cir. 2006) ("Mershon bears the initial burden of demonstrating that he requested reasonable accommodations") (citing *U.S. Airways,*

*Inc. v. Barnett,* 535 U.S. 391, 401–02 (2002)); *McCoy v. Texas Dep't of Criminal Justice*, No. C-05-370, 2006 U.S. Dist. LEXIS 55403, at *25 (S.D. Tex. Aug. 9, 2006) ("The accommodation provisions of the ADA and RA do not require. . . entities to 'guess' an individual's need for an accommodation."); *Freadman v. Metro. Prop. & Cas. Ins. Co.*, 484 F.3d 91, 102-03 (1st Cir. 2007) (As to ADA, the request "(1) must be 'sufficiently direct and specific,' and (2) 'must explain how the accommodation requested is linked to some disability.'") (citing *Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 261 (1st Cir. 2001)).

Even where an accommodation is requested, universities are not obligated to provide the particular accommodation requested, *see*, *e.g.*, *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 460 (6th Cir. 2002) (employment context), and are not obligated to fundamentally alter the nature of their academic policies or programs.  "[D]iscrimination laws do not require 'an educational institution to lower or to effect substantial modifications of standards to accommodate a handicapped person.'"  *Kaltenberger*, 162 F.3d at 436 (applying Ohio Rev. Code 4112.022 and the ADA) (quoting *Southern Community College v. Davis*, 442 U.S. 397, 413 (1979)).  In evaluating the accommodations offered by the school, "[c]ourts must . . . give deference to professional academic judgments . . . ."  *Id.*  "University faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation."  *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985).

In this case, even if one were to imagine an applicable statutory source to which Plaintiff has not referred, Plaintiff still fails to plead the basic elements of a failure to accommodate claim.  Plaintiff fails to allege what accommodations were requested and denied.  Instead, Plaintiff declares in conclusory fashion that the "school has consistently refused to

accede to Plaintiff['s] . . . reasonable requests for accommodation," Compl. at ¶ 20, and "failed to accommodate his disabilities," Compl. at ¶ 24. Plaintiff alleges that he "was not offered his reasonable, requested accommodation," *id.* at ¶ 16, without affirmatively alleging facts allowing for a reasonable inference that he made any particular request at all. Such conclusory assertions, couched as facts, cannot survive a Rule 12(b)(6) motion to dismiss. *Long v. Insight Comm'n of Cent. Ohio, LLC*, 804 F.3d 791, 794 (6th Cir. 2015). Plaintiff cannot state a *prima facie* case without alleging specifically that he made requests for accommodation and what those requests were. *Kaltenberger*, 162 F.3d at 437; *Carney*, 2016 U.S. Dist. LEXIS 98712, at *48 (dismissing complaint where "there are no allegations that she received a diagnosis from the counseling center, released any diagnosis to UA officials, or requested a specific accommodation during these sessions or thereafter"); *Judge v. Landscape Forms, Inc.*, 592 F. App'x 403, 408 (6th Cir. 2014) (failure to request reasonable accommodation before termination in the employment context); *see also Melange v. City of Ctr. Line*, 482 F. App'x 81, 84-85 (6th Cir. 2012); *Gamble v. Sitel Operating Corp.*, No. 15-2789-SHL-dkv, 2015 U.S. Dist. LEXIS 177649, at *17 (W.D. Tenn. Dec. 17, 2015) (granting motion to dismiss where *pro se* plaintiff failed to plead, among other things, "what accommodations she requested").

Furthermore, even if Plaintiff had alleged facts supporting a request for a particular accommodation, which he has not, Plaintiff still fails to plead that he was otherwise qualified to continue the program, such that he could complete the coursework with reasonable accommodations. No claim for disability discrimination lies unless the plaintiff "can meet [the university's] necessary requirements with reasonable accommodation." *Kaltenberger*, 162 F.3d at 435 (citation omitted). Here, Plaintiff does not allege that he could have completed the program with reasonable accommodations. To the contrary, Plaintiff states that given his

disability, "I doubt, I will have the luxury/time to complete the latest dissertation requirements . . . . it is uncertain that the dissertation will be completed." Compl. at Ex. A at 001.[3] Therefore, on the face of the Complaint, even with any requested accommodation, Plaintiff fails to allege facts allowing for a reasonable inference that he would have been capable of completing the academic degree requirements. Plaintiff thus fails to state a claim for failure to accommodate, and his claim should be dismissed.

> 3. <u>Even if Section 4112.022 Applied, Which it Does Not, Plaintiff Fails to State a Claim for Discrimination on Any Other Basis</u>.

While Plaintiff's discrimination claim appears to be almost entirely premised upon an alleged failure to accommodate, the Complaint makes fleeting references to disparate treatment. Plaintiff alleges "since incurring his illness, he has been treated distantly, as a 'special case' and worse than other students," Compl. at ¶ 14, and alleges he was "dismissed under an unreasonable policy change that discriminated against disabled individuals," *id*. at ¶ 16. Such allegations cannot withstand scrutiny on a Rule 12(b)(6) motion:

> These are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency. No doubt disparate treatment of similarly situated people may support an inference of discrimination. . . . . But the [Plaintiff has] not identified any similarly situated individuals whom Flagstar treated better. . . . These "naked assertions devoid of further factual enhancement" contribute nothing to the sufficiency of the complaint.

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (citations omitted); *see also Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) ("Certainly, Plaintiff pleads his own race and gender, and alleges that, as a result of his race and

---

[3] Although the court primarily considers the allegations in the complaint when deciding a motion to dismiss, this Court may consider the exhibits attached thereto. *Equal Justice Found. v. Deutsche Bank Trust Co. Ams.*, 412 F. Supp. 2d 790, 792 (S.D. Ohio 2005).

gender, he was . . . ultimately fired. However, Plaintiff alleges no set of facts, beyond these bare and conclusory allegations, from which a reasonable person could infer how his race or gender factored into the University's decision."). Plaintiff cannot rely upon such allegations to state a claim for disparate treatment.

Moreover, Plaintiff has not alleged facts supporting the conclusion that any adverse action, including his "academic dismissal," was taken on the basis of disability. As Ohio courts have recognized:

> In the area of academic affairs, courts must defer to professional academic judgments unless there is evidence that there was no purpose other than denying education to a disabled student.

*Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475, 490-91 (N.D. Ohio 2007) (citing *Ohio Civil Rights Comm'n v. Case Western,* 666 N.E.2d 1376 (1996) ("Courts are particularly ill-equipped to evaluate academic requirements of educational institutions. As a result, considerable judicial deference must be paid to academic decisions made by the institution itself unless it is shown that the standards serve no purpose other than to deny an education to the handicapped.")). To survive, Plaintiff's Complaint must set forth facts sufficient to infer the University took adverse action because of his disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015); *Dillery v. City of Sandusk*y, 398 F.3d 562, 568 (6th Cir. 2005) (in an intentional discrimination claim under the ADA the court found that Plaintiff failed to establish that she was being discriminated against because of her disability, because the basis of the action was in response to citizen complaints).

In this case, Plaintiff simply states in conclusory terms that he was treated "distantly" and as a "special case" and was later dismissed from the University because of his disability. Compl. at ¶¶ 14, 17. But the Complaint pleads no facts whatsoever raising a plausible inference that Plaintiff was treated differently because of his disability. Plaintiff has failed to

plead factual matter sufficient to allow for an inference of unlawful discrimination, and therefore his Complaint should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Capella University respectfully requests that the Court grant this motion to dismiss without leave to amend.

Dated: October 7, 2016

Respectfully submitted,

*/s/ John C. Hansberry*

_____
John C. Hansberry (0065673)
PEPPER HAMILTON LLP
Suite 5000
500 Grant Street
Pittsburgh, PA 15219-2507
Phone: 412.454.5000
hansberj@pepperlaw.com

Michael E. Baughman, Esquire (PA 78690)
(*admitted pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Philadelphia, PA 19103-2799
Phone: 215.981.4964
baughmam@pepperlaw.com

## CERTIFICATE OF SERVICE

I, John C. Hansberry, hereby certify that a true and correct copy of the foregoing Defendant's Motion to Dismiss has been served upon all counsel of record via the Court's ECF filing system this 7th day of October 2016.

*/s/ John C. Hansberry*

_____
John C. Hansberry (0065673)